UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JILLIAN M. COHEN, ET AL., )<br>    Plaintiff, )<br>) <br>v. )<br>)<br>ATTORNEY GENERAL OF THE )<br>COMMONWEALTH OF MASSACHUSETTS, )<br>    Defendant. ) | C.A. No. 11-11500-NMG |

MEMORANDUM AND ORDER

GORTON, D.J.

BACKGROUND

On August 24, 2011, Plaintiff Jillian M. Cohen ("Cohen"), purporting to be acting in her capacity as the "Full Statutory Administratrix" of the deceased, Susan R. Lustgarten,[1] and Co-Plaintiff, Stewart J. Lustgarten ("Lustgarten"),[2] filed a document entitled "Plaintiffs' Fed. R. Civ. P. 5.1 Notice of a Constitutional Question of State Statue [sic] M.G.L. c. 211, 9, aka Mass. R. App. P. 23 and Mass. R. App. P. 28." Complaint (Docket No. 1). Plaintiffs also paid the $350.00 filing fee.

The pleading is unorganized and virtually incoherent. At the outset, Plaintiffs assert that their federal question is:

> Can the Appeals Court in the Commonwealth of Massachusetts ignore making a *sua sponte* determination of lack of personal standing of the Plaintiff party in an appeal from a judgment of the Middlesex Superior Court from which the record came and applying rescription pursuant to M.G.L. c. 211A, 9, aka Mass. R. App.P. 28, Mass. R. Civ. P. 23 and Mass. R. Civ. P. 60 which do not preempt making a *sua sponte* determination of personal standing?

---

[1] Cohen is the daughter of the deceased.

[2] Lustgarten is the husband of the deceased.

Id. at 1-2.[3]

I.      The State Court Actions

The Plaintiffs' relevant litigation background is extensive, and, as it is not clearly set forth in the Complaint, this Court summarizes the background that was set forth succinctly by the Massachusetts Appeals Court in its June 6, 2011 decision affirming a March 4, 2010 judgment against Plaintiffs.  See Cohen v. Brigham & Women's Hosp., 2011 WL 2175966 (Mass. App. Ct. June 6, 2011) (unpublished decision).  The relevant background is as follows.

Cohen, acting as "voluntary" administratrix of the estate of Susan R. Lustgarten, twice brought civil actions in the Massachusetts Superior Court for negligence, products liability, and wrongful death against the Defendant Brigham & Women's Hospital.  Cohen alleged that the physicians caused Susan R. Lustgarten's death by using a toxic bone cement during a 2005 knee replacement operation.  Id. at *1.

A state court judge dismissed the first civil action under Mass. R. Civ. P. 12(b)(6). Cohen filed a Notice of Appeal, which was subsequently dismissed for failure to prosecute. Id.

---

[3]Mass. Gen. Laws ch. 211A, § 9 provides for decisions, opinions, and rescripts of the Appeals Court.  It provides that:

> In the determination of causes, all decisions of the appeals court shall be given in writing, except as otherwise provided herein, and the grounds for each decision shall be stated and filed in the cause in which rendered.  The court may, in appropriate cases, enter a proper order, direction, judgment or decree for the further disposition of a case without stating the reasons therefor, or may cause a rescript containing a brief statement of the grounds and reasons for the decision, to be filed therein.  Opinions and rescripts of the appeals court shall be published by the reporter of decisions.

Id.

Thereafter, Cohen filed a second Complaint, identifying herself this time as a "full administratrix" but asserting the same allegations.  Id.  A different state court judge dismissed the action on the grounds of *res judicata*, and entered judgment on March 4, 2010.  Id.

Cohen, along with Co-Plaintiffs Lustgarten, Shelby L. Tutty, and Jennifer S. Kahn, appealed the decision.  On appeal, the Massachusetts Appeals Court noted the deficient record appendix, but addressed the merits briefly, finding that Cohen had failed to perfect her appeal in the first action, and thus the case was not properly before the Court.  With respect to the second action, the Massachusetts Appeals Court agreed with the judge that the dismissal of the first action constituted an adjudication on the merits with preclusive effect.  Cohen argued that, in the first action she was proceeding as the "voluntary administratrix," and therefore she lacked standing to bring the first action.  Consequently, she contends the first judgment was "void" and could not provide a basis for precluding the second action.  The Massachusetts Appeals Court, however, rejected this argument, and found that the judgment had become final, and the parties were bound to it unless relieved from it pursuant to Mass. R. Civ. P. 60(b).  Id.  Along those lines, it also noted that parties could <u>not</u> raise the issue of standing in a Rule 60(b) motion.  Id. at n.6.

II.     The Instant Action

In this action, Cohen and Lustgarten allege that on July 5, 2011, the Massachusetts Appeals Court rescripted the judgment affirming the decision of the Superior Court pursuant to Mass. R. App. P. 28, after denying the petition for rehearing pursuant to Mass. R. App. P. 27.  See Notice of Rescript (Docket No. 1 at 22).  Further, in their incorporated Memorandum of Law, Plaintiffs again argue that Cohen lacked standing to pursue the first state action, and that

the Superior Court should have made a determination, *sua sponte*, as to her personal standing. Plaintiffs also reassert the argument that the case should have been dismissed for lack of standing <u>without</u> any preclusive effect. They seek review by this Court to determine the constitutionality of the dismissal of the first action, and then review of the effects of the rescription of judgment regarding *res judicata* and collateral estoppel.

On September 15, 2011, the Massachusetts Attorney General's Office ("AGO ") filed a Motion to Dismiss and Assign Case to Hon. Rya W. Zobel (Docket No. 4), along with a Memorandum in Support (Docket No. 5). The AGO contends that the instant action is related to Judge Zobel's three prior civil actions (discussed *infra*). The AGO also contends that this lawsuit violates Judge Zobel's Order enjoining the Plaintiffs, and, in any event, the action is barred by Eleventh Amendment sovereign immunity. Next, the AGO contends that, to the extent this action is construed as one raising a federal constitutional challenge to a state statute, the Massachusetts Attorney General is not a proper Defendant based solely on her role as chief litigation counsel for the Commonwealth of Massachusetts, citing <u>Shell Oil Co.</u> v. <u>Noel</u>, 608 F.2d 208, 211 (1st Cir.1979) (mere fact that an attorney general has a duty to prosecute actions in which the state has an interest is not sufficient to make him or her a proper defendant in every action challenging the constitutionality of a state statute); <u>Aguiar</u> v. <u>Russo</u>, 2009 WL 1137916, at *3 n.7 (D. Mass. 2009); and <u>CSWS, LLC</u> v.<u>Madigan</u>, 2009 WL 1789368, at *2 (N.D. Ill. 2009).

Finally, the Defendant contends that this action essentially seeks review of an unfavorable Massachusetts Appeals Court decision, and as such, is foreclosed by the <u>Rooker-Feldman</u> doctrine.

On September 23, 2011, Plaintiffs filed an Opposition (Docket No. 6) to the Defendant's

motion. They argue that this action is not related to the prior actions before Judge Zobel. They further contend that this case was brought pursuant to Fed. R. Civ. P. 5.1 and that the Massachusetts Attorney General is the proper Defendant. Additionally, they argue this case is not a derivative or removal case.

On September 26, 2011, this Court entered an Electronic Order denying the Motion to Reassign the case to Judge Zobel.

III.     The Three Federal District Court Actions and Order Enjoining Plaintiffs

As noted above, prior to filing the instant action, Cohen and Lustgarten have prosecuted three related federal court actions asserting the wrongful death of the deceased, Susan R. Lustgarten. The first action was assigned to Judge Zobel as Jillian M. Cohen, as Administratrix of the Estate of Susan R. Lustgarten, Stewart J. Lustgarten and Jennifer S. Kahn v. Stryker Corporation and Stryker/Howmedica Osteonics, Civil Action No. 08-11575- RWZ. The case was initially filed in the Superior Court in the Commonwealth of Massachusetts, but was removed to this Court by the Defendant.

On August 5, 2009, Judge Zobel granted the Defendants' Motion to Dismiss on the grounds that none of the Plaintiffs had standing to bring the action because none of them were duly appointed as the estate administrator/trix. Additionally, Judge Zobel noted that even if Cohen were officially appointed as the estate administratrix, she could not bring this action without representation of duly-licensed counsel. See Order (Docket No. 56). Thereafter, Judge Zobel denied the Plaintiff's Motion for Reconsideration by Electronic Order on August 28, 2009. On September 4, 2009, Plaintiffs filed a Motion for Remand, which was denied by Judge Zobel by Electronic Order on September 15, 2009.

The second action was assigned to Judge Zobel as <u>Jillian Cohen, as Administratrix of the Estate of Susan R.Lustgarten</u> v. <u>Stryker Corporation and Howmedica Osteonics Inc.</u>, Civil Action No.09-11698-RWZ. That action was also filed in state court, and later removed on October 9, 2009 to this Court. Plaintiffs sought the same recovery from the same Defendants, again asserting the wrongful death of Susan R. Lustgarten. The Complaint asserted other legal theories of recovery as well. The Defendants moved to dismiss the Complaint based on *res judicata* and collateral estoppel. On December 4, 2009, Judge Zobel dismissed the action, noting the Complaint suffered from the same infirmities as the first action, and that Cohen's "attempt to proceed pro se in her representative capacity is as flawed in this proceeding as it was in the earlier case." Electronic Order entered December 4, 2009. Plaintiffs appealed, and on July 2, 2010, the United States Court of Appeals for the First Circuit ("First Circuit") affirmed the dismissal based on issue preclusion, noting that Cohen had not appealed the original dismissal, and thus she was precluded from relitigating the issue of *pro se* representation of the Estate. See Judgment (Docket No. 24); Mandate (Docket No. 25). Plaintiff's petition for rehearing *en banc* was denied, and the time had lapsed for filing a petition for writ of certiorari with the United States Supreme Court. On August 13, 2010, Plaintiff filed a motion for reconsideration of the First Circuit's denial of the petition for rehearing; that motion was denied on August 16, 2010.

On the heels of the conclusion of the second action, Cohen, and others, filed the third civil action, in state court. Again, the action was removed by the Defendants. <u>See</u> <u>Cohen</u> v. <u>Stryker Corp., et al.</u>, C.A. 10-12053-RWZ. The Complaint reasserted the same causes of action against the same Defendants, based on the same alleged wrongful death. Additionally, Cohen included as a party the AGO, seeking an order compelling the AGO to prosecute the wrongful

death claim on her behalf. Defendants asserted that the inclusion of the AGO was fraudulent, as Massachusetts law allows only the estate administrators and executors to bring wrongful death actions, and the claim against the AGO was asserted for the sole purpose of defeating diversity jurisdiction in order to keep the case in state court. Additionally, the Defendants asserted that the third civil action was barred by *res judicata* and collateral estoppel.

On February 4, 2011, Judge Zobel issued an Electronic Order granting the Defendants' Motion to Dismiss, stating:

> "Plaintiff's third attempt to litigate the same claims against the same defendants with the lack of standing by plaintiff is barred by the doctrines of res judication and collateral estoppel. The motion to dismiss is allowed. Judgment may be entered dismissing the complaint with prejudice; granting [Docket No. 10] Motion to Dismiss the complaint against the Attorney General is barred by the 11th Amendment. Judgment may be entered dismissing the complaint.

Electronic Order entered Feb. 4, 2011 (brackets added).

Plaintiffs later filed a Motion to Extend the Time to File an Appeal. Judge Zobel denied that motion. Thereafter, Plaintiff's filed a Motion to Vacate the Judgment. Judge Zobel also denied that motion, and directed Cohen to demonstrate good cause in writing why she has not violated Fed. R. Civ. P. 11(b) and why sanctions should not be imposed.

On August 19, 2011, Judge Zobel issued an Order (Docket No. 25) stating:

> Jillian M. Cohen, as Administratrix of the Estate of Susan R. Lustgarten, Stewart J. Lustgarten, Jennifer S. Kahn[4] three times prosecuted a wrongful death action against defendants, a medical device manufacturer, Howmedica Osteonics Corporation, and its corporate parent, Stryker Corporation. Three times this court dismissed the complaint. The second dismissal was appealed and, on appeal, affirmed. Repeated requests by plaintiffs to the Court of Appeals for rehearing and/or reconsideration ultimately resulted in an order by that court directing the

---

[4]A fourth plaintiff, Shelby L Tutty, is named as a plaintiff in the second and third complaints, but has never appeared by counsel or *pro se*.

>clerk "not to accept any further filings in this appeal." The third dismissal plaintiffs unsuccessfully sought to appeal after the time therefore had expired. Undeterred plaintiffs then filed a motion to "void" this court's judgment pursuant to Fed. R. Civ. P. 60. Defendants opposed the motion and sought an order to show cause why plaintiffs should not be sanctioned under Fed. R. Civ. P. 11. The court denied the motion to vacate its judgment and entered an order to plaintiffs to show cause why sanctions should not be granted.
>
>The response to that order is an incomprehensible document appended to a "Motion for Leave for Excess Pages," both of which are signed not by Jillian M. Cohen, the only representative party, but by her father, "Stewart J. Lustgarten, Pro se" who is a party only with respect to his own frivolous claim. Since August 11, 2008, Stewart J. Lustgarten and one or more of his daughters have pursued their lawsuits relentlessly and in total disregard of the holdings of this court and the Court of Appeals.
>
>Rule 11, by its terms, applies to parties as well as attorneys, and, given the litigational history of these cases, sanctions against plaintiffs, Jillian M. Cohen, Stewart J. Lustgarten, and Jennifer S. Kahn, are appropriate. <u>Accordingly, plaintiffs are prohibited from filing any further pleadings in this or any of the preceding actions, C.A. 08-11575 and C.A. 09-11698. Further, the clerk of this court is hereby directed not to accept any further filings related to this or any of the preceding actions, nor any new actions arising from the same underlying facts. Any violations of this order by plaintiffs may give rise to monetary sanctions</u>.

Order (Docket No. 25 at 1-2) (underline added).

Five days after this Order enjoining Plaintiffs, the instant action was filed.[5]

## DISCUSSION

I.       Standard of Review

The AGO has moved for dismissal (presumably pursuant to Fed. R. Civ. P. 12(b)(6)). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to

---

[5]It is not clear whether or not Plaintiffs had notice of Judge Zobel's Order prior to the filing of the instant action, and therefore this Court will not impute a deliberate violation of the Order.

relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)). "The factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The Supreme Court explained in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [And] where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1949-50.

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court should draw all reasonable inferences in Plaintiffs' favor and accept all well-pleaded facts in the complaint as true. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). This direction applies even more forcefully in *pro se* proceedings, for "pro se pleadings are to be liberally construed, in favor of the pro se party." Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). Still, a court should not credit "bald assertions . . . or problematic suppositions." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations omitted). Finally, a court may consider documents "central to the plaintiffs' claim" or "sufficiently referred to in the complaint" without converting the motion to dismiss into one for summary judgment. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

Here, apart from considering the merits of Plaintiffs' claims in connection with the

Motion to Dismiss, this Court also has inherent authority to dismiss a frivolous or malicious complaint *sua sponte*. See Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuits even in absence of any specific statutory provision); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) ("district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources" and district court properly dismissed frivolous case, even in a fee-paying case.). See also Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, *inter alia*, Mallard, 490 U.S. at 307-308. Further, a court may also dismiss a complaint on its own motion for failure to state a claim upon which relief may be granted. See Gaffney v. State Farm Fire and Cas. Co., 294 Fed. Appx. 975, 977 (5th Cir. 2008) (unpublished decision). Finally, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction.[6]

Even under a liberal construction of the Complaint, however, this action will be dismissed in its entirety for the reasons discussed below.

II.     Failure to State a Claim Upon Which Relief May Be Granted

Although Plaintiffs couch their Complaint as one challenging the constitutionality of Massachusetts statutes, they have failed to set forth any grounds for this assertion in accordance

---

[6] See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

with Rule 5.1,[7] nor have they set forth any other plausible claims upon which relief may be granted that comports with the Twombly standard. Indeed, they have not set forth any basis raising a cognizable constitutional question. Rather, the crux of this case is Plaintiffs' assertion that the state Superior Court and the Massachusetts Appeals Court erred in its decisions (*i.e.*, holding that Plaintiffs first civil action was dismissed properly, and holding that Plaintiffs second civil action was barred by *res judicata* with preclusive effect based on the finality of the first dismissal). Based on their arguments, this Court reasonably construes this action not as a *bona fide* challenge to a state statute, but as a claim for federal judicial review of alleged unconstitutional decisions of the state court.

As such Plaintiffs' claims are barred, as the AGO contends, because this Court lacks jurisdiction to review those state court decisions pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994); Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc., 544 U.S. 280 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit). The doctrine appears squarely on

---

[7]Rule 5.1 requires the filing of a notice of a constitutional question stating the question and identifying the paper that raises it. Although the Court must certify the question to the appropriate Attorney General notifying that a statute has been questioned, Plaintiffs' incoherent identification of the question prevents this Court from doing so. See Fed. R. Civ. P. 5.1(a)(1) and (b).

point here.[8]

Accordingly, Plaintiffs' action shall be dismissed.

III.     The Complaint is Frivolous, Malicious, Abusive, or Vexatious

Even if this Court had jurisdiction to review Plaintiffs' claims, this Court finds that dismissal is warranted on other grounds. This Court views this action to be an improper method employed by the Plaintiffs solely to circumvent the rulings of the state and federal court. Indeed, as noted above, they present no cognizable constitutional challenge to any state statute. Plaintiffs' own identification of the federal question -- *can the [Massachusetts] Appeals Court ignore making a sua sponte determination of lack of personal standing of the Plaintiff ... and apply rescription under Massachusetts law* -- warrants no other conclusion but that they are really seeking to challenge decisions of the Massachusetts Appeals Court, as well as the *res judicata* and collateral estoppel rulings of the state court. As such, this case is frivolous, malicious, abusive, and/or vexatious as that term is used in legal parlance.[9] Based on the allegations in the Complaint, and the litigation history as noted above, no reasonable person could suppose this case to have any merit.

IV.     Other Deficiencies in the Complaint

Apart from the legal deficiencies discussed above, this Court notes there are other

---

[8]In view of this holding, this Court need not address the AGO's assertion of sovereign immunity, which assertion has not been fully developed in this action. The AGO has not provided any information as to the proper Defendant who could defend the constitutionality of the state statute. See, e.g., CSWS, LLC, 2009 WL 1789368, * 3 (discussing sovereign immunity and the propriety of naming the attorney general in an official capacity suit).

[9]Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. Local 285, Service Employees Intern. Union v. Nonotuck Resource Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995). Subjective bad intent is not necessary to justify a finding of vexatious conduct, id., and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

problems with this action. These problems have not been raised by the AGO in the Motion to Dismiss, and do not, in and of themselves, warrant *sua sponte* dismissal. Nevertheless, these problems should be mentioned for completeness of the record.

### A.   Failure to Sign Complaint

The Complaint purports to contain two Plaintiffs (Cohen and Lustgarten); however, it appears that <u>only</u> Lustgarten has signed the Complaint.[10] Rule 11(a) of the Federal Rules of Civil Procedure provide that every pleading must be signed by the attorney of record or by a party personally if the party is unrepresented. Id. Unsigned pleadings must be stricken unless the omission is promptly corrected after being called to the party's attention. In light of the dismissal of this action, however, Cohen need not be afforded an opportunity to cure this defect.

### B.   Cohen May Not Appear For the Estate *Pro Se* or Others *Pro Se*

As this Court has previously noted, Cohen may not appear in this Court and prosecute any claims on behalf of the Estate of Susan R. Lustgarten. In this action, the Complaint indicates that Cohen is asserting claim in her capacity as "full statutory administratrix" of Susan R. Lustgarten's Estate. Notwithstanding that Cohen may have authority to act based on her appointment as Administratrix, that is not sufficient to permit her to represent the interest of the Estate, where she is not a duly-licensed attorney admitted to practice in this Court. Although 28 U.S.C.§ 1654 permits persons to proceed *pro se*, this provision does not allow unlicenced lay people to represent other *pro se* litigants. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). Additionally, this Court's Local Rules do not provide such authorization. See District of Massachusetts Local Rule 83.5.3(c), providing that "[a] person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and

---

[10] Since Cohen has filed (and signed) an Opposition to the Motion to Dismiss (Docket No. 6), it appears that she intends to prosecute this action as a *pro se* Plaintiff.

practice before the court only in his own behalf." Id. See also Pridgen v. Anderson, 113 F.3d 391, 393 (2d Cir. 1997) (holding that "an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."). Here, it appears that there are several beneficiaries and/or creditors, and thus claims inuring to the Estate of Susan R. Lustgarten may only be prosecuted in this Court by duly-licensed counsel.

The same is true with respect to the other Co-Plaintiffs in this action. In other words, Jillian Cohen may not represent the claims of Lustgarten *pro se*, nor may Lustgarten represent the claims of Cohen, as a *pro se* litigant. Again, however, no further action is warranted on this issue in light of the dismissal of this action.

V.      Modification of Order of Enjoinment

This Court views that this institution of this action by the Plaintiffs violates the spirit of Judge Zobel's Order of Enjoinment, but, as noted herein, it is not clear whether Plaintiffs had actual notice of that Order at the time suit was filed. Moreover, the Order directed the Clerk to reject any new actions arising from the same underlying facts, but did not expressly forbid Plaintiffs from attempting to file suit, particularly where they have tried to present their claims as a separate constitutional challenge (a matter that, if it had been a *bona fide* claim, would likely not have been subsumed within Judge Zobel's Order).

In light of this, the Court finds that a modification of Judge Zobel's Order of Enjoinment is necessary to make it perfectly clear that the Plaintiffs' may not again raise issues seeking to litigate those matters already decided, regardless of their position on the validity of those decisions. The Order also will make clear that Plaintiffs may not proceed *pro se* in pursuing claims on behalf of the Estate of Susan R. Lustgarten.

Accordingly, Judge Zobel's Order of Enjoinment will be MODIFIED as follows.

1. Plaintiffs Cohen and Lustgarten are <u>PROHIBITED</u> from filing any further pleadings in any previously-filed or removed civil case, or from filing any new civil actions which seek, directly or indirectly, to raise issues previously decided in the state courts or in the prior federal litigation, and which relate in any fashion to claims inuring to the Estate of Susan R. Lustgarten or her beneficiaries, unless Plaintiffs obtain leave of Court prior to the filing, upon a Motion to Institute a Lawsuit and upon good cause shown;[11]

2. Plaintiffs Cohen and Lustgarten must also submit a Certification of Good Faith signed by each Plaintiff under oath at the time of filing any Motion to Institute a Lawsuit. Plaintiff's also must pay the Miscellaneous Business Docket filing fee or seek a waiver thereof, in connection with any Motion to Institute a Lawsuit; and

3. Any claims raised on behalf of the Estate of Susan R. Lustgarten may only be raised through duly-licensed counsel.

Failure to comply with this Order may result in the imposition of severe sanctions.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Defendant's Motion to Dismiss (Docket No. 4) is <u>ALLOWED</u>;

2. This Court finds this action to be frivolous, malicious, abusive, and/or vexatious, and this action is <u>DISMISSED</u> *sua sponte* on this ground as well; and

3. Judge Zobel's Order of Enjoinment of Plaintiffs is hereby <u>MODIFIED</u> as follows:

    A. Plaintiffs Cohen and Lustgarten are <u>PROHIBITED</u> from filing any further pleadings in any previously-filed or removed civil case, or from filing any new civil actions which seek, directly or indirectly, to raise issues previously decided in the state courts or in the prior federal litigation, and which relate in any fashion to claims inuring to the Estate of Susan R. Lustgarten or her beneficiaries, unless Plaintiffs obtain leave of Court prior to the filing, upon a Motion to Institute a Lawsuit and upon good cause shown;[12]

---

[11]This ruling does not apply to the filing of a Notice of Appeal and payment of the appellate filing fees or a request for a waiver of those fees. This Order does not apply to Shelby L. Tutty or Jennifer S. Kahn, as they are not parties to this action.

[12]This ruling does not apply to the filing of a Notice of Appeal and payment of the appellate filing fees or a request for a waiver of those fees. This Order does not apply to Shelby L. Tutty or Jennifer S. Kahn, as they are not parties to this action.

B. Plaintiffs Cohen and Lustgarten must also submit a Certification of Good Faith signed by each Plaintiff under oath at the time of filing any Motion to Institute a Lawsuit. Plaintiff's also must pay the Miscellaneous Business Docket filing fee or seek a waiver thereof, in connection with any Motion to Institute a Lawsuit; and

C. Any claims raised on behalf of the Estate of Susan R. Lustgarten may only be raised through duly-licensed counsel.

SO ORDERED.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: October 18, 2011